UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA M. W.,[1]<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 5:21-cv-00564-JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I.   SUMMARY

On March 31, 2021, plaintiff filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions").  The Court has taken the Motions under submission

---

[1] Plaintiff's name is partially redacted to protect plaintiff's privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; Case Management Order filed on April 21, 2021, at ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand. In this case, the Administrative Law Judge ("ALJ") materially erred by rejecting plaintiff's subjective symptom testimony without providing adequate reasons.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Beginning on or about May 25, 2018, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits, alleging disability since March 1, 2016, due to arthritis, acid reflux, high blood pressure, and high cholesterol. (Administrative Record ("AR") 199-208, 234-35). The ALJ subsequently examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 32-62).

On September 2, 2020, the ALJ determined that plaintiff had not been disabled through the date of the decision. (AR 15-26). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar and cervical spine, status post left Achilles tendon repair surgery, osteoporosis, bilateral SI joint osteoarthritis, bilateral carpal tunnel syndrome, hypertension, and hyperparathyroidism (AR 17-18); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 18-19); (3) plaintiff retained the residual functional capacity (RFC) to perform medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)), with additional limitations (AR 19-25 (adopting RFC consistent with state agency

///
///
///

physicians' opinions at AR 73-75, 89-91, 106-08, 121-23));[2] (4) plaintiff could perform her past relevant work as a home attendant as generally performed and therefore was not disabled (AR 25-26 (adopting vocational expert testimony at AR 58)); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 19-20).

On January 29, 2021, the Appeals Council denied plaintiff's application for review. (AR 1-3).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted), superseded by regulation on other grounds as stated in Sisk v. Saul, 820 Fed. App'x 604, 606 (9th Cir. 2020); 20 C.F.R. §§ 404.1505(a), 416.905(a). To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

///

---

[2] The ALJ determined that plaintiff would be limited to: (1) lifting and carrying 50 pounds occasionally and 25 pounds frequently; (2) standing and/or walking for six hours in an eight-hour workday; (3) sitting for six hours in an eight-hour workday; (4) frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; (5) occasionally climbing ladders, ropes, and scaffolds; and (6) frequently performing handling and fingering with the upper extremities. (AR 19).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B.   Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. See Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted).  When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted).  Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted).  When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

**IV.   DISCUSSION**

Plaintiff contends, *inter alia*, that the ALJ erred by improperly rejecting her subjective symptom testimony.  (Plaintiff's Motion at 11-12).  For the reasons stated below, the Court agrees.  Since the Court cannot find that the error was harmless, a remand is warranted.

   **A.   Pertinent Law**

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the

sequential evaluation process. 20 C.F.R. §§ 404.1529(a), (d), 416.929(a), (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her subjective symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. §§ 404.1529(a), (c)(4), 416.929(a), (c)(4); SSR 16-3p, 2017 WL 5180304, at *4-*10.[3]

When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89. This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR 16-3p, 2017 WL 5180304, at *10. An ALJ must clearly identify each subjective

---

[3]Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11.

6

statement being rejected and the particular evidence in the record which purportedly undermines the statement. Treichler, 775 F.3d at 1103 (citation omitted). "General findings are insufficient[.]" Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted).

If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted). When an ALJ fails properly to discuss a claimant's subjective complaints, however, the error may not be considered harmless "unless [the Court] can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056; see also Brown-Hunter, 806 F.3d at 492 (ALJ's erroneous failure to specify reasons for rejecting claimant testimony "will usually not be harmless").

**B.     Summary of Plaintiff's Testimony and Statements**

Plaintiff testified that she stopped working after she injured her back at work in 2016. (AR 38). Plaintiff had foot and ankle problems and used crutches after an Achilles tendon surgery in 2017, but was not still using them. (AR 45-47).[4] Plaintiff said her legs swell, get numb, and have pain due to arthritis, she has daily pain in her neck, shoulders, back and feet, she is always in bed, and her hands cramp and get numb, but she could lift up to 40 pounds, and could stand or sit for about an hour at a time due to her pain limits. (AR 46, 53-56; see also AR 50-51 (ALJ acknowledging during the hearing that plaintiff's pain was "well documented" in the record)). Plaintiff acknowledged that she could do housework at her own pace with rest. (AR 55).

///

---

[4]The ALJ noted that the consultative examiner had limited plaintiff to medium work with standing and walking only two hours in an eight-hour day likely because of the repaired Achilles tendon. (AR 47).

In an Exertion Questionnaire form, plaintiff similarly reported that she had daily pain in her back, neck, legs, and shoulder, hand numbness and spasm, shortness of breath, and foot swelling and pain. (AR 240-42). She admitted she was able to clean and cook but indicated that she gets tired quickly and must rest. (AR 240-42).

### C. Analysis

The ALJ summarized plaintiff's allegations and testimony and discussed in some detail the medical record reflecting, *inter alia,* degenerative disc disease with pain and treatments including pain management, physical therapy, chiropractic treatment, and injection therapy. (AR 19-25). The ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e] decision." (AR 20). However, the ALJ failed to provide specific, clear, and convincing reasons to support this determination.

The ALJ reasoned:

> [T]he persuasiveness of the claimant's allegations regarding the severity of her symptoms and limitations is diminished because those allegations are greater than expected in light of the objective evidence of record, discussed below. . . . The positive objective clinical and diagnostic findings since the alleged onset date. . . do not support more restrictive functional limitations than those assessed herein.

(AR 20; see AR 20-25 (detailing the objective medical evidence and generally concluding throughout the discussion that the medical evidence was consistent with or otherwise supported the ALJ's RFC assessment)). The ALJ also reasoned that the treatment for plaintiff's degenerative disc disease "had generally been conservative and routine with no recommended surgical intervention other than

injection therapy." (AR 20 (citing AR 307-13, 318-55, 1786-1882)). The ALJ described plaintiff's pain as generally controlled with medication without specifying the medication. See AR 20 (citing AR 631-33, 636 (noting treatment with Norco, Gabapentin, and Lidoderm patches); AR 1552-1669 (also noting ongoing treatment with Norco, Gabapentin, and Lidoderm patches)).

Turning first to plaintiff's assertedly "conservative and routine" treatment to control plaintiff's pain, a limited course of treatment sometimes can justify the rejection of a claimant's testimony, at least where the testimony concerns physical problems. See, e.g., Molina v. Astrue, 674 F.3d at 1112 (in assessing claimant's credibility, ALJ may properly rely on "unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment"); Burch v. Barnhart, 400 F.3d at 681 (lack of consistent treatment such as where there was a three to four month gap in treatment properly considered in discrediting claimant's back pain testimony); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (in assessing the credibility of a claimant's pain testimony, the Administration properly may consider the claimant's failure to request treatment and failure to follow treatment advice) (citing Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc)); Matthews v. Shalala, 10 F.3d 678, 679-80 (9th Cir. 1993) (permissible credibility factors in assessing pain testimony include limited treatment and minimal use of medications); see also Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (absence of treatment for back pain during half of the alleged disability period, and evidence of only "conservative treatment" when the claimant finally sought treatment, sufficient to discount claimant's testimony).

Here, it is doubtful that plaintiff's consistent treatment with narcotic pain medications may properly be characterized as "conservative" within the meaning of Ninth Circuit jurisprudence. See, e.g., Shepard v. Colvin, 2015 WL 9490094, at *7 (E.D. Cal. Dec. 30, 2015) ("[p]rior cases in the Ninth Circuit have found that treatment was conservative when the claimant's pain was adequately treated with

9

over-the-counter medication and other minimal treatment," however where record reflected heavy reliance on Tramadol and Oxycodone and other prescriptions for pain, record did not support finding that treatment was "conservative") (internal citations omitted; citing for comparison Lapeirre-Gutt v. Astrue, 382 Fed. App'x 662, 664 (9th Cir. 2010) (doubting whether "copious amounts of narcotic pain medication" as well as nerve blocks and trigger point injections was "conservative" treatment)); Childress v. Colvin, 2014 WL 4629593, at *12 (N.D. Cal. Sept. 16, 2014) ("[i]t is not obvious whether the consistent use of [Norco] (for several years) is 'conservative' or in conflict with Plaintiff's pain testimony"); Aguilar v. Colvin, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014) ("It would be difficult to fault Plaintiff for overly conservative treatment when he has been prescribed strong narcotic pain medications"); cf. Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (observing that treatment corroborating allegations of severe and unremitting pain may include a strong Codeine or Morphine basic analgesic).

      The medical record shows that plaintiff regularly sought treatment for pain with her providers throughout the alleged disability period, and she consistently was prescribed narcotic pain medication (Norco) and had some epidural steroid injections which provided some relief. See, e.g., AR 319-55 (pain management records from April of 2016 through June of 2017); AR 520-24, 536-39, 551-63, 631-35, 647-48, 659-64, 1558-88, 1593-98, 1647-52 (primary doctor treatment records for osteoarthritic pain and neuropathy from December 2015, February, March, September, and December 2016, July 2017, October and December 2018, January, April, August, and November 2019, and January, March, and May 2020); AR 710, 712-15 (podiatrist's treatment with steroid injections for neuropathy in July of 2016, April 2017, and December 2019); AR 1957-92 (pain management records from March 2019 through June 2020). Accordingly, it appears that plaintiff's treatment has not been "conservative" within the meaning of Ninth Circuit jurisprudence. Compare Hazelton v. Saul, 812 Fed. App'x 453, 454 (9th

Cir. 2020) (finding the record supported the ALJ's "reasonable" interpretation of treatments as "conservative" where doctor's own treatment notes indicated claimant had "attempted multiple <u>conservative</u> therapies" such as steroid injections, nerve blocks, nerve ablation, and narcotic pain medications) (emphasis added). Whereas, in this case, for example, plaintiff's new pain management doctor stated in March 2019 the intention not to prescribe Norco long term; the doctor wanted to try other conservative therapies to treat plaintiff's pain. (AR 1959). However, that doctor was still prescribing Norco in June 2020 – the last available record – and in fact increased plaintiff's Norco dose at that visit. (AR 1964-66).

Turning to the ALJ's remaining reason for discounting plaintiff's subjective statements and testimony (*i.e.*, the objective medical evidence), a purported lack of supporting objective medical evidence is not – in and of itself – a sufficient basis to discount a claimant's testimony, but may be a relevant factor. See, e.g., Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Because the ALJ's only other reason for discounting plaintiff's subjective complaints (*i.e.*, plaintiff's assertedly conservative treatment) does not withstand scrutiny on the current record, the ALJ's reliance on the available medical evidence in this case cannot stand.

Even if the ALJ's evaluation of the available medical evidence could support the ALJ's determination, the ALJ did not explain adequately how the medical evidence undermined or contradicted plaintiff's specific statements. The ALJ's references to plaintiff's examination findings and general conclusions that the residual functional capacity assessment reasonably accounted for plaintiff's impairments fail to demonstrate how these findings support the rejection of plaintiff's statements. See Lambert v. Saul, 980 F.3d 1266, 1278 (9th Cir. 2020) ("Although the ALJ did provide a relatively detailed overview of [plaintiff's]

medical history, 'providing a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible.") (quoting Brown-Hunter, 806 F.3d at 494); see also id. at 1268 ("[T]he ALJ must identify the specific testimony that he discredited and explain the evidence undermining it.").

      Defendant suggests that the ALJ adequately addressed plaintiff's testimony and statements by also citing to the state agency medical opinions finding no greater limitations than the ALJ found to exist. See Defendant's Motion at 24. The contrary medical opinion evidence is not an independent reason the ALJ gave for discrediting plaintiff's testimony and statements. The Court is constrained to consider those reasons the ALJ provided. Trevizo, 871 F.3d at 675. In any event, the ALJ's reliance on medical opinion evidence to determine plaintiff's residual functional capacity is nothing more than an additional citation to the objective medical evidence which, as the Court has stated, cannot stand alone as a reason to discount plaintiff's statements and testimony.

      Because the ALJ failed to provide specific, clear, and convincing reasons to discount plaintiff's subjective statements, remand is warranted for reconsideration of these statements. See Treichler, 775 F.3d at 1103 ("Because 'the agency's path' cannot 'reasonably be discerned,' we must reverse the district court's decision to the extent it affirmed the ALJ's credibility determination.") (quoting Alaska Dep't of Env't Conserv. v. E.P.A., 540 U.S. 461, 497 (2004)).

///
///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons,[5] the decision of the Commissioner of Social Security is REVERSED in part, and this matter is REMANDED for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 22, 2022

                                                  /s/
                                 Honorable Jacqueline Chooljian
                                 UNITED STATES MAGISTRATE JUDGE

---

[5] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in Social Security cases) (citations omitted).